UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CONNIE SHAW, | ) |
|     Plaintiff | ) |
| v. | ) Cause No. 3:05-CV-94RM |
| GDX NORTH AMERICA d/b/a GDX AUTOMOTIVE, | ) |
|     Defendant. | ) |

OPINION AND ORDER

Connie Shaw sues her former employer, GDX Automotive, under the Americans With Disability Act ("ADA") alleging GDX discriminated against her because of a perceived disability in violation of 42 U.S.C. § 12112. GDX asks the court to dismiss Ms. Shaw's ADA claims against it for failure to state a claim. FED. R. CIV. P. 12(b)(6). For the reasons that follow, the court denies the motion to dismiss because it over-reaches what the court can assure at the pleading stage.

Ms. Shaw alleges that GDX regarded her as an individual with a disability and failed to accommodate her perceived disability when the accommodation would not cause an undue hardship to GDX. To prevail on a claim of discrimination based on perceived disability, a plaintiff must show she is disabled within the meaning of the ADA in that her employer regarded her as having a physical or mental impairment that substantially limits her in one or more major life activities, that she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and that she suffered from

adverse employment action because of her disability. Nese v. Julian Nordic Const. Co., 405 F.3d 638, 641 (7th Cir. 2005). To show that she suffered from adverse employment action, a plaintiff can put forth evidence of a materially adverse change in her employment including termination of employment, a demotion evidenced by a decrease in wage or salary, material loss of benefits, or significantly diminished material responsibilities. Kersting v. Wal-Mart Stores, Inc., 250 F.3d 1109, 1115-1116 (7th Cir. 2001).

GDX's motion to dismiss challenges the sufficiency of Ms. Shaw's complaint on two grounds: (1) that she hasn't alleged adverse employment action; and (2) that "regarded as" plaintiffs are not entitled to reasonable accommodations under the ADA.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its underlying merits, see Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. Slaney v. Int'l Amateur Athletic Fed'n., 244 F.3d 580, 597 (7th Cir. 2001). Dismissal under FED. R. CIV. P. 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

The court cannot say that it appears beyond doubt that Ms. Shaw cannot prove an adverse employment action consistent with her complaint. She alleges that because GDX mistakenly believed she was substantially limited in her

2

abilities to walk and to lift, GDX failed to reinstate Ms. Shaw's employment. These assertions, if proven, would demonstrate a termination in her employment because of a perceived disability. *See* Kersting v. Wal-Mart, 250 F.3d at 1115-1116.

GDX's second argument—that "regarded as" plaintiffs are not entitled to reasonable accommodations under the ADA—has divided the courts, including district courts within this circuit, and our court of appeals hasn't addressed the issue. Courts that agree with GDX have two bases: some cite regulations issued under the ADA, *see* Workman v. Frito-Lay, Inc., 165 F.3d 460, 467 (6th Cir. 1999); Newberry v. East Texas State Univ., 161 F.3d 276, 279 (5th Cir. 1998), while others conclude that bizarre results inconsistent with the purposes of the ADA would flow from requiring accommodation of persons who are not disabled. *See, e.g.*, Kaplan v. City of North Las Vegas, 323 F.3d 1226, 1232 (9th Cir. 2003); Weber v. Strippit, Inc., 186 F.3d 907, 917 (8th Cir. 1999); Cebertowicz v. Motorola, Inc., 178 F. Supp. 2d 949 (N.D. Ill. 2001). A somewhat larger number of courts agree with Ms. Shaw that at least in some cases, the ADA requires accommodation of persons who, while not actually disabled within the meaning of the ADA, are perceived as such. *See, e.g.*, D'Angelo v. Conagra Foods, Inc., 422 F.3d 1220 (11th Cir. 2005); Kelly v. Metallics West, Inc., 410 F.3d 670, 675-676 (10th Cir. 2005); Williams v. Philadelphia Housing, 380 F.3d 751, 774 (3rd Cir. 2004); Katz v. City Metal Co., Inc., 87 F.3d 26 (1st Cir. 1996); Miller v. Heritage Prod., Inc., 2004 WL 1087370 (S.D. Ind. 2004); Jacques v. Dimarzio, Inc., 200 F. Supp. 2d 151, 166 (E.D.N.Y. 2002).

None of the cases cited by either party were decided at the pleadings stage. All were resolved after factual development, either at trial, Kelly v. Metallics West, 410 F.3d 670, Weber v. Strippit, 186 F.3d 907; Workman v. Frito-Lay, 165 F.3d 460; Newberry v. East Texas State, 161 F.3d 276; Katz v. City Metal, 87 F.3d 26, or through summary judgment. D'Angelo v. Conagra Foods, 422 F.3d 1220, Williams v. Philadelphia Housing, 380 F.3d 751; Kaplan v. North Las Vegas, 323 F.3d 1226; Miller v. Heritage Prod., 2004 WL 1087370; Jacques v. Dimarzio, 200 F. Supp. 2d 151; Cebertowicz v. Motorola, 178 F. Supp. 2d 949.

GDX apparently asks this court to become the first court to hold preemptively, at the pleadings stage, that no matter what the facts of the case turn out to be, it had no legal duty to provide a reasonable accommodation to a person it believed to be disabled. The cases favoring GDX don't persuade the court that there are no possible circumstances under which the ADA can ever require an employer to accommodate a person the employer mistakenly believes to be disabled. Given the lack of factual development at this stage of this case, the court cannot say that it is beyond doubt that Ms. Shaw can prove no set of facts consistent with her complaint under which she would be entitled to relief.

For these reasons, the court DENIES the motion to dismiss [Docket No. 20].

SO ORDERED.

Dated: October 13, 2005

/s/ Robert L. Miller, Jr.

        Chief Judge
        United States District Court